**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 30, 2021**

# In the Court of Appeals of Georgia

A20A0040. CRUZ et al. v. XYTEX CORPORATION et al.

REESE, Judge.

This case is before us on remand from the Supreme Court of Georgia. In the original case, *Cruz v. Xytex Corporation*, ("*Cruz I*"),[1] Jennifer Cruz, C. F. J., J. T. S., M. S., and L. S. ("the Appellants") appealed from the trial court's order granting a motion to dismiss filed by Xytex Corporation, Xytex Cryo International, J. Todd Spradlin, and Mary Hartley (collectively, "Xytex") for damages based on sperm procured from Xytex that resulted in children with developmental issues. We affirmed in part and vacated in part.

In *Norman v. Xytex Corporation*, the Supreme Court of Georgia held that claims which would require recognizing a child's life as an injury could be dismissed

---

[1] No. A20A0040 (Ga. Ct. App., June 24, 2020).

because "Georgia law does not recognize claims for damages that depend on life as an injury."[2] However, it also held that "[a]lthough Georgia law does not recognize life as an injury, there can be injuries that predate a child's birth and are not premised on the child's life as an injury."[3]

> [I]n both pre- and post-conception cases, Georgia law has recognized that a cognizable claim may exist for pre-birth injuries to a child without deeming the child's existence an injury. Any such claims . . . are not wrongful birth claims and should not [be] dismissed on that ground.[4]

As the Supreme Court further stated, "[t]o the extent that [the Appellants] have pled claims predicated on injuries that are not predicated on life as an injury, these claims are not barred[.]"[5]

Therefore, in light of the Supreme Court's ruling, we vacate the trial court's ruling on the Appellants' motion to dismiss, and remand to the trial court with instruction to determine, consistent with the Supreme Court's decision in *Norman*,[6]

---

[2] 310 Ga. 127, 133 (2) (b) (848 SE2d 835) (2020).

[3] Id. at 134 (2) (c).

[4] Id. at 135 (2) (d) (punctuation and footnote omitted).

[5] Id. at 138 (2) (e).

[6] 310 Ga. 127.

whether and to what extent the Appellants have adequately pled claims that do not derive their injury from their children's lives.

*Judgment vacated and case remanded with direction. Rickman, C. J., and Miller, P. J., concur*.